# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CV451-1-MU

| | |
|---|---|
| TIMOTHY JEROME NIXON, ) <br> ) <br> Petitioner, ) <br> Vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | **ORDER** |

**THIS MATTER** comes before the Court upon the Petitioner's Motion for Production of Case File; Petitioner's Motion for Leave to File an Out of Time Notice of Appeal; and Petitioner's Application to Proceed Without Prepayment of Fees, all filed May 23, 2005.

On September 17, 2003, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence with this Court. On August 18, 2004, this Court dismissed Petitioner's Motion to Vacate. Judgment was entered that same day. Petitioner did not directly appeal the denial of his Motion to Vacate.

Petitioner has now asked the Court to allow him to file an out of time notice of appeal. Petitioner bases his request upon the fact that he alleges that he did not receive notice that his Motion to Vacate had been dismissed until April 7, 2005.

In a civil case, a district court may grant an extension of time to file a notice of appeal if a party moves no later than thirty days after the time prescribed by Rule 4(a) expires and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Petitioner's time to appeal under Rule 4(a) expired on or about October 17, 2004. Fed. R. App. P. 4(a)(1)(B) (when the United States is a party, any party has sixty days from the

entry of Judgment to file an appeal). Consequently, this Court is without authority to extend Petitioner's time in which to file an appeal.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure, however, permits a district court, in certain circumstances, to reopen the time to file an appeal. That is, if a motion is filed within 180 days after the judgment is entered or within seven days after the moving party receives notice of the entry, whichever is earlier, and the court finds that the moving party was entitled to notice of the entry of judgment but did not receive it within 21 days after entry, and the court finds no party would be prejudiced, a district court may reopen the time to file an appeal. Fed R. App. P. 4(a)(6). In the instant case, Petitioner cannot satisfy the prerequisites for reopening his time to appeal. That is, over 180 days have passed since judgment was entered in his case. Consequently, this Court is without authority to reopen Petitioner's time to file an appeal.

Because Petitioner's time to appeal has expired, his request for the production of his case file and his application to proceed in forma pauperis are moot.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Production of Case File is **DENIED**;

2. Petitioner's Motion for Leave to File an Out of Time Notice of Appeal is **DENIED**; and

3. Petitioner's Application to Proceed Without Prepayment of Fees is **DENIED**.

**Signed: June 13, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge